[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiffs applying for a reassessment of damages for the taking by the defendant of a portion of the plaintiffs' property for highway purposes the plaintiffs claiming that the damages assessed are inadequate. The court had the benefit of appraisal reports and testimony from two expert appraisers, both of whom reached their conclusions in some measure by resort to comparable sales.
The state has taken by condemnation 3.45 acres of land in the Town of Windsor with a taking date of May 3, 1990.
The plaintiffs were the owners of a parcel of land consisting of a total of 28.26 acres and bounded on its westerly side by Route 91. The tract consists mainly of unimproved land. To the east of the subject property there are a number of single-home dwellings, and contains also a dwelling house.
Both appraisers agree that there is no severance damage to the remaining acreage and dwelling.
The plaintiffs' appraiser has found that the value of the entire property before the taking to be $847,800, and after the taking $744,300. This yields a net damage of $103,500. The defendant's appraiser has found the value before the taking to be $616,000, and $540,000 after the taking, or a damage of $76,000. Said sum of $76,000 has already been paid.
At the time in question there was a dearth of comparable sales because the market was "slow" as one appraiser described it.
The referee may reach his own conclusion as to value by weighing the opinions of the appraisers, the claims of the parties in view of all the circumstances in evidence bearing on value, and his own general knowledge of the elements effecting value, selecting the most appropriate method of valuation. Wrnowski v. Redevelopment Agency, 180 Conn. 579, 596.
Based upon my viewing of the property, and considering all the evidence, and my own knowledge of the elements constituting value, it is concluded that the damages sustained by the plaintiffs as a result of the taking were $93,000.
Judgment may enter for the plaintiffs for the further sum of $17,000 in addition to the $76,000 already paid, together with interest on said further sum of $17,000 at the rate of 10% from the date of taking to the date of payment, together with costs and an allowance of $1,000 as an appraiser's fee. CT Page 8503
JOHN M. ALEXANDER STATE TRIAL REFEREE